UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE L. GLOVER,

    Plaintiff,

v.

    Case No. 1:21-cv-508

    Hon. Hala Y. Jarbou

UNKNOWN CHANDLER,

    Defendant.
_____/

## ORDER

Plaintiff Maurice L. Glover, a prisoner proceeding *pro se*, brought this action under 42 U.S.C. § 1983 against Defendant Chandler, a corrections officer with the Michigan Department of Corrections. Plaintiff alleges that Defendant was deliberately indifferent to Plaintiff's need for medical care, in violation of the Eighth Amendment, when Plaintiff experienced an episode of stomach pain and difficulty breathing that led to hospitalization.

On July 17, 2023, the magistrate judge entered a report and recommendation ("R&R") recommending that the Court grant Defendant's motion for summary judgment and dismiss the case. (R&R, ECF No. 23.)

In response to the R&R, Plaintiff does not object to the dismissal of Defendant Chandler. Instead, Plaintiff asks for leave to amend his complaint. (*See* Pl.'s Resp. to R&R, ECF No. 24.) Consequently, Plaintiff has filed a proposed amended complaint. (Proposed Am. Compl., ECF No. 24-2.) Plaintiff contends that he has identified the "proper parties" to his claims and he would like to proceed against those parties. Those parties include Randee Rewerts, the warden of the facility where Plaintiff was incarcerated when the events in the complaint occurred, as well as an

unnamed "Third Shift Commander" and an unnamed nurse who worked "Second Shift." (Proposed Am. Compl., PageID.149.)

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend their pleadings by leave of court and that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court identified some circumstances in which "justice" might counsel against granting leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.* at 182. "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017) (quoting *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)).

Where, as here, the proposed amendment seeks to add parties, the amendment must also comply with Rule 21. Under that rule, the Court can add or drop a party "on just terms." Fed. R. Civ. P. 21. In other words, the standard is the same. Motions under Rule 21 are afforded "the same standard of liberality afforded to motions to amend pleadings under Rule 15." *Fair Housing Dev. Fund Corp. v. Burke*, 55 F.R.D. 414, 419 (E.D. N.Y. 1972).

Here, Plaintiff is not attempting to amend his complaint so much as bring new claims against new parties. After Plaintiff proceeded through discovery and dispositive motion briefing, his claim against Defendant failed. Plaintiff is now attempting to revive his complaint by bringing in new parties that he could have sued earlier. Although Plaintiff claims that the identities of the nurse and shift commander are unknown, their names appear in records that Defendant submitted to the Court in November 2022. (*See* ECF No. 18-3, PageID.89.)

2

At any rate, Plaintiff's proposed amended complaint would not withstand a motion to dismiss. For such a motion, the Court would consider whether the proposed complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "[t]he plausibility standard . . . is not akin to a probability requirement . . . it asks for more than a sheer possibility" that the alleged misconduct occurred. *Id*. The complaint must give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

For Plaintiff to state an Eighth Amendment claim, he must allege facts showing that he faced a serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims)). The deliberate indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834.

To satisfy the objective prong, Plaintiff must show "that he [was] incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. To satisfy the subjective prong, Plaintiff must show that Defendants "[knew] of and disregard[ed] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

The proposed amended complaint does not provide as much detail about the basis for Plaintiff's claim as his original complaint. Plaintiff's proposed amended complaint provides a

3

brief description of facts and then states that the Court "is aware of the other facts in this case" and that "the facts [are] set forth in the development in this litigation," implying that Plaintiff is incorporating other pleadings or evidence from the record into his proposed amended complaint. (Proposed Am. Compl. ¶¶ 1, 11.)  But because the proposed amended complaint, if approved, would take the place of the original complaint, then the proposed amended complaint must state all the facts necessary to put the new defendants on notice of his claim.  Nevertheless, for purposes of this motion, the Court will liberally construe the proposed pleading and consider other facts in the record where necessary to clarify Plaintiff's allegations.

Plaintiff does not state a claim against Warden Rewerts because none of the facts alleged in the proposed complaint suggest that Rewerts was involved in any of the events at issue. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability.  *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).  A claimed constitutional violation must be based upon active unconstitutional behavior.  *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).  The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act.  *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899. Plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Plaintiff has not pleaded any facts about Rewerts's actions, let alone facts that would suggest Rewerts personally violated Plaintiff's constitutional rights.  Plaintiff apparently intends to sue Rewerts because the warden was "ultimately the first line on defense responsible for

everyone during his watch[.]" (Pl.'s Resp. to R&R 4.) But that responsibility alone does not give rise to a constitutional claim against Rewerts.

For similar reasons, Plaintiff does not state a claim against the unnamed third shift commander. The proposed amended complaint is defective in this regard because it contains no allegations about the shift commander. Plaintiff apparently intends to sue this person because the shift commander was "derelict in their duty" in that there was a nurse at the prison that "shift command did not know about," and that "could have made the necessary medical call" to respond to Plaintiff's situation. (*Id.* at 3.) But these assertions amount to negligence by the shift commander, not deliberate indifference. If the third shift commander did not know that a nurse was available, then the shift commander could not have deliberately disregarded a serious risk of harm by failing to call that nurse. Negligence is not a constitutional violation.

Finally, Plaintiff does not state a claim against the unnamed nurse. In his proposed amended complaint, Plaintiff alleges that he saw a prison nurse on November 25, 2020, when he was having "severe stomach pains, was bloated, could not use the bathroom, and was taking Tums and other forms of medications similar to that for relief." (*Id.* ¶ 9.) The nurse gave him Mylanta and Tylenol and told him to return "if the pain worsens or anything gets worser[.]" (*Id.* ¶ 10.)

Later that evening, Plaintiff's cellmate told unit officers that Plaintiff was laying on the floor of his cell in excruciating pain and having difficulty breathing. Officer Chandler came to check on Plaintiff and saw Plaintiff's condition. According to Chandler, there was no nurse who was regularly scheduled to be on shift at that time of night (during the third shift), so he spoke with the on-call provider, a physician's assistant. (*See* R&R 9.) The on-call provider told Chandler to give Plaintiff water and watch him for a couple of hours to see if he could have a bowel movement. (*Id.*) Chandler decided to take Plaintiff to the healthcare unit to accomplish this task. Upon

5

opening the door to the main treatment room in the healthcare unit, Chandler discovered a nurse, at her computer. (*Id.* at 10.)

The nurse in the healthcare unit was the same nurse who had seen Plaintiff earlier in the day. She recognized Plaintiff and told the officers to take Plaintiff to the hospital. (*Id.* at 8.) At the hospital, Plaintiff was diagnosed with a burst appendix and COVID-19.

Plaintiff apparently intends to sue the nurse who initially saw him, prescribed him Mylanta and Tylenol, and then saw him again hours later when Chandler brought Plaintiff to the healthcare unit. Plaintiff contends that he had an objectively serious need because he was "in a life-threatening situation lying on the floor[,] suffering from breathing problems while the nurse was on the computer[.]" (Proposed Am. Compl. ¶ 11.) And he contends that the nurse was aware of this need because she recognized him when he returned to the healthcare unit with Chandler; she said, "Oh, he was here earlier today. Something is wrong with him, he needs to go to the hospital." (*Id.* ¶ 6.)

Although Plaintiff has alleged a serious medical need, he does not allege facts from which to infer that the nurse was aware of, and deliberately disregarded, that need. He does not allege that she had reason to know that Plaintiff was laying on the floor with stomach pain and breathing problems and disregarded his condition. To the contrary, when she became aware of those symptoms, she instructed the officers to take Plaintiff to the hospital for treatment.

To the extent Plaintiff refers to the nurse's knowledge of the symptoms he was having when he met with her earlier in the day on November 25—severe stomach pain, bloating, and inability to use the bathroom—the nurse was not deliberately indifferent to those needs because she gave him medication and told him to come back if his symptoms worsened. It would not have been obvious at that point in time that Plaintiff required immediate hospital treatment. And "a

complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1977).

To the extent Plaintiff argues that Tylenol and Mylanta were not adequate to treat his condition, he does not state a claim. "Where the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell v. Hininger*, 553 F. App'x 602, 604 (6th Cir. 2014) (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). Plaintiff's allegations do not satisfy that standard. Thus, Plaintiff's proposed complaint does not state a claim against any of the proposed new defendants.

In short, the Court will deny Plaintiff's request to amend his complaint because amendment would be futile. His proposed amended complaint does not state a claim.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 23) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Chandler's motion for summary judgment (ECF No. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for leave to amend his complaint, taken from his response to the R&R (ECF No. 24), is **DENIED**.

The Court will enter a judgment in accordance with this order.

Dated: August 11, 2023                          /s/ Hala Y. Jarbou
                                                HALA Y. JARBOU
                                                CHIEF UNITED STATES DISTRICT JUDGE